JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WADE M. RHYNE (CABN 216799)
JAMES C. MANN (CABN 221603)
Assistant United States Attorneys

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Facsimile: (510) 637-3724
   E-Mail:   Wade.Rhyne@usdoj.gov
               James.C.Mann@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.   CR-09-00230 SBA |
| ) | |
|     Plaintiff, ) | STIPULATION AND PROTECTIVE |
| ) | ORDER RE: DISCOVERY OF |
| v. ) | PERSONAL AND FINANCIAL |
| ) | INFORMATION |
| DAVID FOSTER CRANE, ) | |
|    a/k/a "Mark Roberts," ) | |
|    a/k/a "Mark Johnson," ) | |
|    a/k/a "Thomas Gentry," ) | |
| ) | OAKLAND VENUE |
| ) | |
|     Defendant. ) | |
| ) | |

      With the agreement of the parties, and with the consent of defendant, the Court enters the following Order:

      Defendant David Foster Crane is charged with ten counts of mail fraud in violation of 18 U.S.C. § 1341, and thirteen counts of money laundering in violation of 18 U.S.C. § 1957. Upon request, the United States will produce to counsel for defendant discovery that contains "Personal Identifying Information," including birth dates, driver's license numbers, contact information, and private financial information, including account numbers, pertaining to the

alleged victims in this case.  The government will designate this material as confidential by marking such material as "CONFIDENTIAL" and shall produce such discovery on a CD or DVD marked "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER. UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."  Pursuant to Federal Rule of Criminal Procedure 16, the government requests that disclosure of these materials be subject to the following restrictions:

1. Except when being actively examined for the purpose of the preparation of the defense of defendant, the materials produced pursuant to this Order by the government to defense counsel shall be maintained in a locked, safe, and secure drawer, cabinet, or safe or password-protected electronic device (e.g., computer, memory stick), which is accessible only to defense counsel, members of his or her law firm who are working with him or her to prepare defendant's defense, and his or her investigator(s).  Defense counsel, members of his or her law firm, defendant, and the investigator(s) shall not permit any person access of any kind to the materials or disclose in any manner the Personal Identifying Information of third parties except as set forth below.

2. The following individuals may examine the materials produced pursuant to this Order for the sole purpose of preparing the defense of defendant and for no other purpose:

    a) Counsel for defendant;

    b) Members of defense counsel's law office who are assisting with the preparation of defendant's defense;

    c) Defendant David Foster Crane, but only in the presence of defense counsel or another authorized person listed in this paragraph, (and defendant cannot take or maintain notes regarding the Personal Identifying Information of any victims in this case);

    d) Investigators retained by defendant to assist in the defense of this matter.

If defense counsel determines that additional persons are needed to review the material, he or she must obtain a further order of the Court before allowing any other individual to review the material.

PROTECTIVE ORDER
CR-09-00230 SBA      2

3. A copy of this Order shall be maintained with the materials produced pursuant to this Order at all times.

4. All individuals, other than defense counsel and defendant, who receive access to the materials produced pursuant to this Order, <u>prior to receiving access to the materials</u>, shall sign a copy of this Order acknowledging that:

    a) they have reviewed the Order;

    b) they understand its contents;

    c) they agree that they will only access the documents and information for the purposes of preparing a defense for defendant;

    d) they understand that failure to abide by this Order may result in sanctions by this Court.

Counsel for defendant shall either (1) send signed copies of the Order to the government or (2) file signed copies of the Order, *ex parte* and under seal. The government shall have no access to the signed copies filed under seal without further order of the Court.

5. No other person may be allowed to examine the materials produced pursuant to this Order without further court order. Examination of the materials shall be done in a secure environment which will not expose the materials to other individuals not listed above.

6. The materials produced pursuant to this Order may be duplicated to the extent necessary to prepare the defense of this matter. Any duplicates will be treated as originals in accordance with this Order.

7. Any pleadings that reveal the Personal Identifying Information of third parties, either by attaching copies of documents containing that information or referencing that information, shall be redacted to prevent the disclosure of such information or filed under seal.

8. The defense team shall return all materials produced pursuant to this Order (and any duplicate copies of the same) to the government fourteen calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against defendant; defendant's acquittal by court or jury; or the conclusion of any direct appeal. In the event that the defense team has made notes or marks on the materials constituting work product the defense

1  team shall return the materials to the government in a sealed container labeled "WORK
2  PRODUCT-DESTROY."
3          9.      After the conclusion of proceedings in the district court or any direct appeal in the
4  above-captioned case, the government will maintain a copy of all materials produced. The
5  government will maintain such documents until the time period for filing a motion pursuant to 28
6  U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired,
7  the government may destroy the documents and digital media. In the event defendant is
8  represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the government will
9  provide that counsel with a copy of the materials produced pursuant to this Order under the same
10 restrictions as trial and direct appeal defense counsel. Defendant's attorney in any action under
11 28 U.S.C. § 2255 shall return the same materials fourteen calendar days after the district court's
12 ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the
13 district court's denial of the motion, whichever is later.
14 STIPULATED:

16 DATED: May 13, 2009                              /s/
                                                 PAUL DELANO WOLF
17                                               Attorney for Defendant David Foster Crane

19 DATED: May13, 2009                               /s/
                                                 LYNN M. KESLAR
20                                               Attorney for Defendant David Foster Crane

22 DATED: May13, 2009                         JOSEPH P. RUSSONIELLO
                                              United States Attorney
23

24                                                  /s/
                                                 WADE M. RHYNE
25                                               JAMES C. MANN
                                                 Assistant United States Attorneys
26
27 ////
28 ////

PROTECTIVE ORDER
CR-09-00230 SBA                                  4

1    IT IS SO ORDERED that disclosure of the above-described discovery materials shall be
2  restricted as set forth above.
3
4  DATED: May 19, 2009    _____
                           HONORABLE SAUNDRA BROWN ARMSTRONG
5                          United States District Court Judge